IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEXTER STURGEON, JR, #1650438, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-629-E-BK |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. On March 17, 2022, Plaintiff Dexter Sturgeon, a state prisoner, filed a complaint on the prisoner civil rights complaint form. Doc. 3 at 1. The Court granted his motion to proceed *in forma pauperis*, pending completion of judicial screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

## I. BACKGROUND

Sturgeon was convicted of two counts of aggravated sexual assault of a child younger than 14 and was sentenced to life imprisonment. *See State v. Sturgeon*, Nos. F09-32977 & -32976 (265th Jud. Dist. Ct., Dallas Cnty., Tex., 2010), *aff'd*, Nos. 05-10-00672-CR & -00673-CR, 2011 WL 5042087 (Tex. App.– Dallas Oct. 25, 2011, pet ref'd). He unsuccessfully sought state and federal habeas relief. *See Sturgeon v. Davis*, No. 3:17-CV-3365-G-BN, 2018 WL 1721941 (N.D. Tex. Mar. 21, 2018), *R. & R. accepted*, 2018 WL 1718076 (N.D. Tex. Apr. 9, 2018); *Sturgeon v. Davis*, No. 3:20-CV-130-K-BN 2020 WL 890385 (N.D. Tex. Jan. 21, 2020),

*R. & R. accepted*, 2020 WL 887711 (N.D. Tex. Feb. 24, 2020). The United States Court of Appeals for the Fifth Circuit subsequently denied his motion for authorization to file a successive application. *In re Sturgeon*, No. 20-10207 (5th Cir. June 2, 2020). More recently, Sturgeon sought from this Court a judgment compelling his trial counsel to turn over evidence that allegedly supports his innocence, but the suit was dismissed for lack of jurisdiction. *See Sturgeon v. Unell*, No. 3:21-CV-2099-X-BN, 2021 WL 6137184 (N.D. Tex. Sep. 9, 2021), *R. & R. accepted*, 2021 WL 6135478 (N.D. Tex. Dec. 28, 2021).

In the complaint filed in this case, Sturgeon attempts to assert criminal charges against (1) the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), (2) Shannon Westbrook, the victim in the offense of conviction, and (3) Cheyenne Westbrook, the victim's sister. Doc. 3 at 3. Sturgeon asserts that he did not violate any state criminal laws and that the TDCJ-CID Director is unlawfully holding him in custody against his will. Doc. 3 at 3-4. He also avers that the Westbrooks committed perjury during his state trial. *Id.* Sturgeon requests the Court "to go after these criminals due to fact I am innocent and I would like to see justice done." Doc. 3 at 4. Also, he avers, "I should not be in prison for a crime that I did not do." *Id.*

With his complaint, Sturgeon includes additional information for the Court's review. Doc. 3 at 6. He states that (1) Gary Unell, his trial counsel, "holds two recantation cassette tapes . . . which proves [sic] my innocence," (2) Lori Ordiway was his appellate counsel, and (3) attorney Bruce Anton allegedly tried to obtain the cassette tapes from Unell and may have testimony from a key witness. *Id.* On March 28, 2022, Sturgeon filed correspondence related only in part to the facts pled in the complaint. Doc. 6 at 17-24 (expanding on his claims that the victim and her family lied about the aggravated sexual assault charges).

As detailed below, however, Sturgeon fails to present a cognizable claim or anything that can be construed as such. Therefore, this action should be dismissed as frivolous and for failure to state a claim.

## II.     ANALYSIS

Because Sturgeon is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Sturgeon's complaint is frivolous and fails to state a claim.

To the extent Sturgeon alleges criminal law violations in this Court, his request lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S.

347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Sturgeon has pled nothing that comes close to satisfying that burden. *See also Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), *R. & R. accepted*, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007). Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).[1]

Additionally, Sturgeon asserts that he is being held against his will and that he should not be incarcerated because he is innocent. Doc. 3 at 4. However, insofar as he seeks to challenge his state convictions, his claim is not cognizable under 42 U.S.C. § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))). Constitutional challenges to state court convictions are generally cognizable only in a federal habeas corpus action after exhaustion of state court remedies. *See* 28 U.S.C. § 2254.

---

[1] Sturgeon's allegations also imply the invalidity of his convictions; thus, his claims are also barred unless and until his convictions are reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87(1994). As previously noted, his state convictions have not been reversed or otherwise called into question.

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Sturgeon's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims based on the scant facts he posits. Under these circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 7, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).